UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------

In re                                                      DECISION & ORDER

                    TERESA L. BELTON,                      99-15620 B

                         Debtor
----------------------------------------------------
TERESA L. BELTON,

                    Plaintiff

          v.                                               AP 04-1151 B

EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

                    Defendant
----------------------------------------------------

                         Jeffrey Freedman Attorneys
                         Lee R. Terry, Esq., of counsel
                         424 Main Street, Suite 622
                         Buffalo, NY 14202
                         Attorneys for Plaintiff

                         Damon & Morey LLP
                         Stephen M. O'Neill, Esq., of counsel
                         298 Main Street
                         Buffalo, NY 14202-4096
                         Attorneys for Defendant


Bucki, U.S.B.J.

          The only open issue in this adversary proceeding is whether
collection costs are properly treated as a non-dischargeable component of a
student loan, even when the lender chose not to claim these collection costs for
purposes of a distribution in chapter 13.

          Theresa L. Belton, the debtor herein, filed a petition for relief under
chapter 13 of the Bankruptcy Code on October 13, 1999.  Pursuant to her
confirmed plan of reorganization, unsecured creditors were to receive a
distribution of five percent of their allowed claims.  These unsecured creditors
included the New York State Higher Education Services Corporation ("NYSHESC"),
which filed a timely claim in the amount of $8,454, for monies owed on account

of seven educational loans.  As filed, however, the claim did not include any costs of collection.   In due course, Theresa Belton completed her chapter 13 plan, NYSHESC received its authorized distribution, and this court issued an order of discharge pursuant to 11 U.S.C. §1328(a).

Section 1328(a) of the Bankruptcy Code states that an order of discharge granted under that section will not discharge a debt of the kind specified in 11 U.S.C. §523(a)(8).   Pursuant to section 523(a)(8), Belton's discharge will not extend to an educational loan, unless excepting such debt from discharge would "impose an undue hardship on the debtor and the debtor's dependents."  Contending that hardship would arise from payment of the balance due on her student loans, Theresa Belton commenced the present adversary proceeding to determine the dischargeability of her obligation to NYSHESC.

Shortly after being served with Belton's complaint, NYSHESC assigned the debtor's student loan accounts to Educational Credit Management Corporation ("ECMC"), which was substituted as the defendant.  The matter was then tried before this court on July 29, 2005.   After considering all of the evidence, I ruled from the bench that the debtor had failed to prove that repayment of the student loans would impose an undue hardship under the standard that the Court of Appeals had established in *Brunner v. New York State Higher Education Services*, 831 F.2d 395 (2nd Cir. 1987).  Accordingly, I instructed the parties that I would issue an order declaring that the unpaid balance of the student loans is non-dischargeable.  What the parties continue to dispute is the amount of that unpaid balance.   As to this question, I granted leave for submission of post-trial memoranda.   The parties have now submitted these memoranda, and the matter is ready for decision.

ECMC contends that the non-dischargeable obligation includes not only the unpaid balance of its claim as filed and with interest, but also collection

costs as allowed by applicable regulations. By its calculations, as of June 20, 2005, the non-dischargeable obligation totaled $13,744.85, which included a principal balance of $8,063.09, unpaid interest of $3,042.11, and collection costs of $2,639.65. Ms. Belton now objects to her continuing liability for collection costs. She argues that the collection costs are excessive, and that NYSHESC waived their imposition when it neglected to include that item into its proof of claim.

The present dispute involves student loans that were guaranteed under the Federal Family Education Loan Program. Pursuant to 20 U.S.C. §1091-a(b)(1), a borrower who defaults on these obligations "shall be required to pay . . . reasonable collection costs." Regulations further define these reasonable collection costs. Specifically, 34 C.F.R. §682.410(b)(2) establishes the applicable standard:

> Whether or not provided for in the borrower's promissory note and subject to any limitation on the amount of those costs in that note, the guaranty agency shall charge a borrower an amount equal to reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges, and court costs. Except as provided in §§682.401(b)(27) and 682.405(b)(1)(iv), the amount charged a borrower must equal the lesser of – (i) The amount the same borrower would be charged for the cost of collection under the formula in 34 CFR 20.60; or (ii) The amount the same borrower would be charged for the cost of collection if the loan was held by the U.S. Department of Education.

Essentially, this regulation establishes a formula for the calculation of liquidated damages arising from a default in payment. Although she does not question the accuracy of ECMC's application of the formula, Ms. Belton challenges

the reasonableness of the resulting charge.  The District Court for the Southern District of Indiana carefully considered this issue in its decision in *Educational Credit Management Corp. v. Barnes*, 318 B.R. 482 (2004).  It found that the regulation established a reasonable and constitutional method for the calculation of collection costs.  Furthermore, the court concluded that "the regulation requiring all borrowers to pay collection costs associated with their loans is consistent with the theory that underlies a non-dischargeable education loan." 318 B.R. at 489.

I fully agree with the reasoning of the decision in *Barnes.*  Rather than to repeat its analysis, I adopt that opinion to the current dispute. Accordingly, I will focus my present discussion on the debtor's assertion of a waiver of collection costs, by reason of the failure to include those costs into a proof of claim.

In relevant part, section 1328(a) of the Bankruptcy Code states that in a proceeding under chapter 13, "the court shall grant the debtor a discharge of *all debts provided for by the plan or disallowed under section 502 of this title*, except any debt . . . of the kind specified in . . . paragraph . . . (8) . . . of section 523(a)" (emphasis added).    Paragraph 8 of section 523(a) establishes the exception of student loans from discharge.  Most notably, the exception clause in section 1328(a) modifies "all debts provided for by the plan or disallowed under section 502."  For example, the court may disallow an unmatured claim pursuant to section 502(b)(2), as well as certain tardily filed claims pursuant to section 502(b)(9).  Even if disallowed under section 502, an educational loan claim is excepted from discharge under 11 U.S.C. §1328(a).  Essentially, therefore, the allowance of a student loan claim will impart no impact upon its dischargeability. Although collection costs may not have been part of the allowed claim in the

present instance, those collection costs are appropriately part of the educational loan that is excepted from the debtor's discharge.

Bankruptcy courts have consistently held that without a demonstration of hardship, an educational loan obligation is fully non-dischargeable, even as to that portion of the obligation which was not allowed for purposes of a chapter 13 plan. For example, in *In re Pardee*, 218 B.R. 916 (B.A.P. 9th Cir. 1998), the court recognized the non-dischargeability of interest that an educational loan creditor had neglected to include in its proof of claim. Similarly, in *In re Amos*, 283 B.R. 864 (Bankr. W.D. Ky. 2002), an educational loan creditor had forfeited its right to receive full payment through the chapter 13 plan, as a consequence of its failure to file any proof of claim. Nonetheless, the court held that the educational loan was not discharged. Also, in two separate cases where an educational loan creditor had defaulted in responding to an objection to the amount stated in its proof of claim, the bankruptcy court sustained the objection and reduced the claim to a sum less than what was actually due. Even though the reduced claim was paid in full through the chapter 13 plan, the court later held that the discharge order did not discharge any remainder of the actual liability. *In re Klassen*, 227 B.R. 187 (Bankr. D. Kan. 1998), *In re Bell*, 236 B.R. 426 (N.D. Ala. 1999).

This court was never previously asked to resolve any dispute regarding the allowed amount of any claim for educational loans to Theresa Belton. Had that issue been fully controverted, then perhaps we might now consider application of the doctrine of law of the case. Instead, the present dispute involves a claim that was simply understated for purposes of chapter 13 distribution. Irrespective of any claim allowance, 11 U.S.C. §1328(a) will not discharge any portion of an educational loan indebtedness of the kind that 11 U.S.C. §523(a)(8) excepts from discharge.

ECMC has established that as of June 20, 2005, Theresa Belton owed an outstanding balance of $13,744.85, on account of her educational loans with interest and the costs of collection.  For all of the reasons stated herein and in the oral rulings rendered at the conclusion of the trial of this adversary proceeding, the court will deem the entire obligation to be non-dischargeable.

So ordered.

Dated:          Buffalo, New York              __/s/   CARL L. BUCKI_____
                February 14, 2006                          U.S.B.J.